Citation Nr: 1518739 
Decision Date: 04/01/15 Archive Date: 05/05/15

DOCKET NO. 13-10 500 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to special monthly compensation based on anatomical loss of the right breast.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Roya Bahrami, Associate Counsel


INTRODUCTION

The Veteran had more than 17 years of active service, including periods from May 1976 to November 1979 and from June 1994 to January 1998.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina.

The Veteran testified at a hearing before the undersigned Veterans Law Judge (VLJ) in October 2013, and a copy of the hearing transcript is of record.

In October 2013, the Veteran submitted additional evidence directly to the Board, accompanied by a waiver of local consideration. The waiver is contained in the VA claims file. See 38 C.F.R. §§ 19.9, 20.1304(c) (2013).

The Board also notes that, in addition to the paper claims file, there is a paperless, electronic claims file (Virtual VA). The Board has reviewed the contents of the Virtual VA file in addition to the paper file in deciding this claim.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran contends that her breast cancer and consequent removal of right breast were due to hormone replacement therapy (HRT) prescribed during service. Specifically, she states that, she went through early menopause in 1996 and was prescribed estrogen- and progestin-positive HRT. She continued to take her prescribed HRT until December 2009, when she was diagnosed with ductal carcinoma in-situ (DCIS). Thereafter, the Veteran underwent a right breast mastectomy. See February 2010 private surgical report. 

Service treatment records (STRs) confirm that the Veteran was prescribed HRT beginning in February 1996. A December 1998 medical report reflects that the Veteran was being continued on estrogen and progesterone daily. Post-service treatment records dated October 2004 to March 2006 also show that the Veteran was prescribed HRT during that time period.

The Veteran argues that HRT is associated with an increased risk for breast cancer, citing a study through the Women's Health Initiative, published in the Journal of the National Cancer Institute on March 29, 2013. However, no VA examination has been performed and there is no medical evidence on file that discusses whether the Veteran's breast cancer and subsequent anatomical loss of right breast was caused by or a result of her use of HRT. The Board finds this is a medical question outside of its jurisdiction. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) (the Board is prohibited from exercising its own independent judgment to resolve medical questions). Consequently, a VA opinion is required to determine whether the Veteran's anatomical loss of the right breast is related to HRT prescribed in service.

Additionally, the Veteran testified that treatment records from several VA medical centers have not been associated with the claims file. See October 2013 Board Hearing Transcript. Thus, any outstanding VA treatment records should be obtained and associated with the file on remand. 38 C.F.R. § 3.159(c)(2); Bell v. Derwinksi, 2 Vet. App. 611 (1992).

Accordingly, the case is REMANDED for the following action:

1. The RO shall obtain any outstanding VA treatment records, including records from the Columbia VA dated from 2006-2009. The RO should also obtain outstanding treatment records from service medical facilities, including: Fort Sam Houston, 1996-1999; Tripler, 1999-2001; Fort Eustis 2001-2003; and Bethesda, 2003-2006.

2. After the above development described is completed, the AOJ must obtain a VA opinion from an appropriate clinician to determine whether it is at least as likely as not (i.e., a 50 percent probability or greater) that the Veteran's breast cancer and subsequent mastectomy are due to hormone therapy replacement prescribed from 1996 to 2009.

The examiner must review the entire claims file, including a copy of this Remand, and the October 2013 Board hearing transcript. The examiner must also note the study through the Women's Health Initiative, published in the Journal of the National Cancer Institute on March 29, 2013, regarding the risk for developing breast cancer in women receiving hormone replacement therapy.

In all conclusions, the examiner(s) must identify and explain the medical basis or bases, with identification of the specific supporting evidence of record. The examiner(s) must provide a fully reasoned explanation for his or her opinions, based on his or her clinical experience, medical expertise, and established medical principles.

3. After completion of the above and any additional development deemed necessary, the AOJ should review the issue on appeal. All applicable laws and regulations should be considered. If any benefit sought remains denied, the Veteran should be furnished a supplemental statement of the case and be afforded the opportunity to respond. Thereafter, the case should be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).